UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARREN FRANK, | ) | No. CV 12-2880 VAP (FFM) |
| Petitioner, | ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | ) ) | |
| W.J. SULLIVAN, | ) ) | |
| Respondent. | ) ) | |

On March 22, 2012, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. This Court entered an order on April 3, 2012 requiring respondent to file a response to the Petition. On May 31, 2012, respondent filed a motion to vacate the order requiring a response on the ground that the Petition is a second or successive petition pursuant to 28 U.S.C. § 2244(b) and that, as a consequence, this Court does not have jurisdiction over the Petition. Respondent lodged documents from this Court demonstrating that petitioner filed a prior habeas petition in this Court on June 26, 2007 (Case No. CV 07-4142 SGL (FFM)) directed to the same conviction sustained in Los Angeles County Superior Court as the Petition. On September 28, 2008, Judgment was entered in Case No. CV 07-4142 SGL (FFM) denying the Petition as time-barred and dismissing the action with prejudice.

///

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

///

1    Petitioner's prior federal habeas petition was denied on the ground that it
2 was barred by the one-year period of limitation.  A dismissal based on the statute
3 of limitations is considered an adjudication on the merits for purposes of
4 determining whether a subsequent petition is successive under the Act.  *Reyes v.*
5 *Vaughn*, 267 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift*
6 *Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules
7 of finality, both statutory and judge made, treat a dismissal on
8 statute-of-limitations grounds the same way they treat a dismissal for failure to
9 state a claim, for failure to prove substantive liability, or for failure to prosecute:
10 as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v.*
11 *Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson*
12 *v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir.1981) ("A judgment
13 based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457
14 F.2d 926, 927 (5th Cir.)).
15    Therefore, because the Petition now pending challenges the same
16 conviction as petitioner's prior habeas petition in Case No. CV 07-4142 SGL
17 (FFM), it constitutes a second and/or successive petition within the meaning of 28
18 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same claims he
19 previously asserted, the Petition is barred by the provisions of 28 U.S.C. §
20 2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously
21 asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from
22 the Ninth Circuit authorizing the District Court to consider the Petition, prior to
23 his filing of it in this Court.  Petitioner's failure to secure such an order from the
24 Ninth Circuit deprives the Court of subject matter jurisdiction.  For the foregoing
25 reasons,
26 / / /
27 / / /
28 / / /

3

1   IT IS ORDERED that this action be summarily dismissed, pursuant to Rule
2   4 of the Rules Governing Section 2254 Cases in the United States District Courts.
3   LET JUDGMENT BE ENTERED ACCORDINGLY.

6   DATED: June 11, 2012

_____
VIRGINIA A. PHILLIPS
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
United States Magistrate Judge